# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**IRENE VIOLA CADDELL**                                          **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 3:10CV-425-H**

**CHEVROLET GM DEALERSHIP DIVISION**                          **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Irene Viola Caddell, filed this *pro se* action using a Court-supplied general complaint form. She states that her car was recalled. Plaintiff states, "I want to file a claim to get my money back, or refund. I do have statements, reciepts, and my data, or information. to show in a court law." Plaintiff also states:

> loss of the Principal, safety and regulation on my car, emergency on my car needs to be fixed due to the dealer ship and manufactures, bad goods, parts of labor, lost of my money, I had to pay 278.00 for brakes due to them of waiting to long for my parts, cell phone charges, and my cell phone was turn off due to this recall. I took the car to G.m. several times, and they put a motor on my Steering Coulmn, and I report to G.M. ABOUT this matter, and I do have eye -witness and evidents in a court of law. My car is under a warranty, and they are giving me the run around, and paying money out of my pocket of their faults of not fixing my car proper.

Further, Plaintiff states, "I would like to have 278.00 refund back on my credit card from Michael Tires Plus due to my brakes, gas money, cell-phone, loss of my profit."

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins.*

*Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met her burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff cites no U.S. Constitutional provisions or federal

2

statutes in support of her claim.  Moreover, Plaintiff's complaint is devoid of any factual allegations that would establish any federal cause of action against Defendant.

Additionally, Plaintiff fails to establish diversity jurisdiction under § 1332.  To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332.  To determine whether the amount in controversy exceeds the jurisdictional amount, the Court relies on the amount alleged in the complaint.  *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).  In the complaint, Plaintiff states that she "would like to have 278.00 refund back on my credit card from Michael Tires Plus due to my brakes, gas money, cell-phone, loss of profit."  Because the amount alleged in the complaint does not exceed $75,000, Plaintiff fails to meet her burden for establishing the jurisdictional amount in controversy.

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.010